Filed 5/27/22  P. v. Brizuela CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>KEVIN BRIZUELA,<br><br>    Defendant and Appellant. | D079531<br><br><br>(Super. Ct. No. SCN317396) |

APPEAL from an order of the Superior Court of San Diego County, Richard R. Monroy, Judge.  Affirmed.

Kevin Brizuela, in pro. per.; and John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2016, a jury convicted Kevin Brizuela of two counts of first degree murder (Pen. Code,[1] § 187, subd. (a)) and two counts of attempted murder (§§ 187, subd. (a) & 664).  Gang enhancement under section 186.22 and

_____

[1]    All further statutory references are to the Penal Code unless otherwise specified.

firearm enhancements under section 12022.53 were found true as to each of the counts. The trial court sentenced Brizuela to an indeterminate term of 100 years to life.

Brizuela appealed and this court affirmed the convictions. However, the court conditionally reversed the judgment and directed the trial court to conduct a transfer hearing under Welfare and Institutions Code section 707. (*People v. Brizuela* (Oct. 11, 2018, D071364) [nonpub. opn.].)

On remand, the trial court held a transfer hearing and denied transfer to juvenile court. The court also denied motions to strike the firearm enhancements. Brizuela, again, appealed and this court affirmed the judgment in an unpublished opinion. (*People v. Brizuela* (July 19, 2021, D078376) [nonpub. opn.].)

In July 2021, Brizuela filed a petition for resentencing under section 1170.95. The trial court appointed counsel, received briefing, reviewed the record of conviction, and held a hearing. The court found Brizuela was ineligible for relief as a matter of law. The court found the record demonstrated Brizuela was tried as a direct aider and abettor or as the actual killer. The jury was not instructed on felony murder or natural and probable consequences. The court denied the petition by written order.

Brizuela filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*. We offered Brizuela the opportunity to file his own brief on appeal, and he has responded with a supplemental brief. We will discuss his submission later in this opinion.

## STATEMENT OF FACTS

The facts of the offenses are set forth in our prior opinion. (*People v. Brizuela*, *supra*, D071364.) Appellate counsel has provided a short summary of those facts which we will incorporate here to provide context for the appeal.

"On March 13, 2013, David G., Edgar, Melanie, and David R. were in Libby Lake Park in Oceanside. The park was claimed by the Mesa Locos gang. David R. was affiliated with this gang. Four individuals approached them and fired multiple firearms. Melanie and Edgar died. Ballistic analysis of the recovered rounds showed three firearms were used. Police investigation identified Brizuela as one of the participants in the shooting. Brizuela was a member of the Vista Home Boys gang which had a rivalry with the Mesa Locos gang."

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified a possible issue which was considered in evaluating the potential merits of this appeal: Whether the court erred in denying Brizuela's petition for resentencing.

Brizuela filed a brief in which he argues he made prima facie showing of eligibility for resentencing under section 1170.95. He contends the court erred in relying on facts set forth in the previous opinion of this court where we stated that Brizuela was a direct aider and abettor. He contends the trial court gave an instruction on liability for murder based on natural and probable consequences where death results from a non-target crime. The

3

court did give former CALCRIM 403.[2]  However, if the jury had relied on the theory in that instruction, it would have been required to find the defendant

---

[2]      Former CALCRIM 403 states as follows:

"Under this theory, before you may decide whether the defendant is guilty of murder and attempted murder, you must decide whether he is guilty of assault with a firearm or assault by force likely to produce great bodily injury.

      "To prove that the defendant is guilty of murder and attempted murder, the People must prove that:

"1.      The defendant is guilty of assault with a firearm or assault by force likely to produce great bodily injury;

"2.      During the commission of assault with a firearm or assault by force likely to produce great bodily injury a co-participant in that assault with a firearm or assault by force likely to produce great bodily injury committed the crime of murder and attempted murder;

      "AND

"3.      Under all of the circumstances, a reasonable person in the defendant's position would have known that the commission of the murder and attempted murder was a natural and probable consequence of the commission of the assault with a firearm or assault by force likely to produce great bodily injury.

"A *coparticipant* in a crime is the perpetrator or anyone who aided and abetted the perpetrator.  It does not include a victim or innocent bystander.

"A *natural and probable consequence* is one that a reasonable person would know is likely to happen if nothing unusual intervenes.  In deciding whether a consequence is natural and probable, consider all of the circumstances established by the evidence.

4

guilty of second degree murder.  In this case, the jury convicted Brizuela of first degree murder, which would have been based on a direct aider and abettor theory.  Brizuela's submission does not raise any arguable issues for reversal on appeal based on this record.

We have reviewed the entire record as required by *Wende* and *Anders*.  We have not discovered any arguable issues for reversal on appeal.  Competent counsel has represented Brizuela on this appeal.

---

"To decide whether crime of murder and attempted murder was committed, please refer to the separate instructions that I have given you on those crimes.

"Under this theory, the People are alleging that the defendant originally intended to aid and abet assault with a firearm or assault by force likely to produce great bodily injury.

"If you decide that the defendant aided and abetted one of these crimes and that murder and attempted murder was a natural and probable consequence of that crime, the defendant is guilty of murder and attempted murder.  You do not need to agree about which of these crimes the defendant aided and abetted.

"If you find the defendant guilty beyond a reasonable doubt of murder as charged in Counts One and Two under this theory, you shall set the degree of murder as Second Degree Murder."

## DISPOSITION

The order denying Brizuela's petition for resentencing under section 1170.95 is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

DO, J.

BUCHANAN, J.

6